UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-CR-57 |
| | : | |
| ROBERT DEGREGORIS, | : | Honorable Rudolph Contreras |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE TRIAL DATE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Response in Opposition to Defendant's Motion to Continue Trial Date. Dkt. Entry 32. As set out below, the Court should deny the motion to continue because there is no need for a continuance at this time, and because a continuance runs counter to the public's interest in resolution of this case, and the preservation of court resources.

"It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). That is true even where the Court must "balance between the right to select counsel and the public's interest in the orderly administration of justice"; the appellate court will defer to the trial court's balancing and "not reverse absent a showing of a deprivation of the defendant's right." *Id.* at 492; see also *United States v. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990) (applying *Burton* and affirming trial judge's refusal to grant continuance based on the asserted need of new counsel to prepare for trial).

Under *Burton*, the factors this Court should consider in considering the defendant's continuance request include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses,

 counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

584 F.2d at 490-91.   The bulk of these factors favor a denial.

 Defendant, Robert DeGregoris, was charged by criminal complaint on January 23, 2023. Dkt. Entry 1. The grand jury returned an indictment on February 22, 2023 that charges defendant with violations of 18 U.S.C. § 231(a)(3) (Count One), 18 U.S.C. § 1752(a)(1) (Count Two), 18 U.S.C. §1752(a)(2) (Count Three), and 40 U.S.C. § 5104(e)(2)(E) (Count Four). Dkt. Entry 17.

 At the last status conference on September 14, 2023, the Court set this case for trial on July 8, 2024. The defendant has moved to continue every status conference since that time. *See* Dkt. Entries 26, 27, 28. On today's date, with no explanation, counsel Paul Enzinna moved to withdraw as defendant's attorney. Dkt. Entry 30. New counsel filed a notice of appearance and a motion to continue the July trial date. Dkt. Entries 29, 32.

 The need for a continuance is entirely unclear at this time. The trial date is currently set for July 8, 2024, more than three months away – ample time for new counsel to get up to speed on this single defendant four-count criminal case. The government anticipates providing new counsel with discovery as soon as the Court grants previous counsel's motion to withdraw. That discovery is not extensive, consisting primarily of the FBI's case file, scoped digital devices, and video recordings from the U.S. Capitol. Even if new counsel plans to file pretrial motions not previously pursued by prior counsel, three months is sufficient time for pretrial briefing. Second, this case has been pending for over a year, the government's plea offer has been declined, and a trial has been

set for six months, during which time there has been no progress on the case. The fact that prior continuances have been granted weighs against a continuance here. *See Burton*, 584 F.2d at 490 ("whether other continuances have already been requested and granted"). The public's interest in resolution of this long-pending case is therefore a significant factor weighing against continuance. Finally, the preservation of court resources also weighs against a continuance. The Court's trial calendar and government counsel's trial calendars are likely to cause complications in scheduling a new trial and result in further delay.   The Circuit has recognized that both the trial court and the government "generally ha[ve] a substantial interest in avoiding disruptions of a court's calendar and in having guilt or innocence promptly adjudicated." *United States v. Haldeman*, 559 F. 2d 31, 83 (D.C. Cir. 1976).

       For all of these reasons, the government asks the Court to deny the defendant's motion to continue the trial date.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar Number 481052

By:    /s/ *Kaitlin Klamann*
           KAITLIN KLAMANN
           Assistant United States Attorney
           601 D Street NW
           Washington, D.C. 20530
           (202) 252-6778
           Kaitlin.klamann@usdoj.gov
           IL Bar No. 6316768